257 So.2d 642

**STATE of Louisiana**

**v.**

**Robert "Butch" AULDS.**

**No. 51730.**

Feb. 3, 1972.

James D. Sparks, Jr., Monroe, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Gilbert T. Brown, Jr., Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

This is an appeal from a judgment convicting the appellant of the crime of armed robbery, La.R.S. 14:64, and fixing his punishment at ten years in the State penitentiary.

Appellant relies on two bills of exceptions to obtain a reversal of the conviction, we find merit in neither.

By the first bill of exceptions, the defendant contends substantial constitutional and statutory rights were violated when

the District Attorney cross-examined his brother, Glen Aulds, on the basis of photocopies of letters directed to Glen Aulds, and (allegedly) the trial attorney, Anthony J. Bruscato. However, insofar as the record before us is concerned (including the only part of the cross-examination attached to the bill of exceptions), there is no showing that the district attorney was using, for cross-examination purposes, anything other than a letter or letters written by the defendant to his brother, the witness under cross-examination at the time. We are cited to no authority that the use of such communications would violate the attorney-client relationship.

The second bill raises the question of whether the trial court erred in sustaining an objection to evidence of newspaper description of the alleged robber on the basis it was hearsay. The newspaper article was offered to test the reliability of the identification by the complaining witness. What the newspaper article said about the description from police sources was hearsay. The ruling was correct. The complaining witness and the identification police officer were, in fact, cross-examined concerning discrepancies between the defendant's description and that given of the robber immediately after the robbery.

For the reasons assigned, the conviction and sentence are affirmed.